The STATE of Ohio, Appellee,

v.

ROWLAND, Appellant.

[Cite as *State v. Rowland* (2000), 138 Ohio App.3d 473.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980498.

Decided July 14, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for appellee.

*Schuh & Goldberg* and *Raul E. Tellez,* for appellant.

---

*Per Curiam.*

This matter is before us pursuant to our entry granting defendant-appellant Merlin[1] Rowland's application to reopen his appeal pursuant to App.R. 26(B) and *State v. Murnahan.*[2]

Rowland was indicted on a charge of possession of cocaine in March 1998 and was found guilty after a jury trial.[3] The trial court sentenced him to five years of incarceration, the maximum allowable term for the third-degree felony.[4] With the assistance of counsel, Rowland appealed, challenging only the adjudication of his guilt. In 1999, this court affirmed the conviction.[5] Later that year, Rowland filed a *pro se* application for reopening the appeal pursuant to App.R. 26(B), arguing that his appellate counsel had been ineffective for failing to raise errors in the sentence imposed by the trial court. Noting that the trial court had erred

---

1. Although the defendant's first name appears as "Merlan" in the indictment and some of the subsequent filings in this case, other aspects of the record demonstrate that the correct spelling of his first name is "Merlin."

2. (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.

3. Although Rowland was also charged and found guilty of a gun specification, the specification and its resulting sentence are not relevant to the instant appeal. For this reason, we do not discuss them.

4. See R.C. 2925.11(C)(4)(c).

5. *State v. Rowland* (May 5, 1999), Hamilton App. No. C–980498, unreported.

in failing to provide, under R.C. 2929.14(C) and 2929.19(B)(2)(d), an appropriate reason for imposing the maximum sentence, this court determined that there was a genuine issue as to the effectiveness of Rowland's appellate counsel. As a result, we granted his application to reopen the appeal and appointed counsel to assist him. Rowland now raises five assignments of error, all pertaining to his sentence.

Rowland's first and fourth assignments of error are dispositive of this appeal. In the fourth assignment, Rowland contends that he was denied effective assistance of appellate counsel because his original appellate counsel failed to raise as error the trial court's failure to make the requisite findings under R.C. 2929.14(C) and 2929.19(B)(2)(d) to support its imposition of the maximum prison term. In the first assignment, he contends that the failure to make the findings itself constitutes reversible error. We agree in both respects.

A criminal defendant is entitled to effective assistance of appellate counsel on a first appeal as of right.[6] To determine whether a defendant has received effective assistance of appellate counsel, the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is used.[7] Under *Strickland*, a court must determine (1) whether counsel's performance was deficient and (2) whether that deficient performance resulted in prejudice to the defendant.[8]

Because Rowland was sentenced to the maximum prison term for a single felony offense, he was entitled to appeal the imposition of that sentence as a matter of right under R.C. 2953.08(A)(1)(a). Moreover, Rowland is correct in his assertion that the trial court's failure to make the findings required by R.C. 2929.14(C) and 2929.19(B)(2)(d) to support its imposition of the maximum sentence amounted to error.[9] Had this error been brought to our attention by original appellate counsel, we would have vacated Rowland's sentence and remanded the case for resentencing. Accordingly, the failure to raise the issue originally rendered counsel's performance deficient and resulted in prejudice to Rowland. We therefore conclude that Rowland was denied effective assistance by his original appellate counsel and that he erroneously received the maximum

---

6. See *Evitts v. Lucey* (1985), 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821; *State v. Rojas* (1992), 64 Ohio St.3d 131, 592 N.E.2d 1376.

7. See *Rojas*, supra, at 141, 592 N.E.2d at 1386.

8. See *Strickland, supra*.

9. See *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; *State v. Napier* (Aug. 28, 1998), Hamilton App. No. C–970383, unreported, 1998 WL 542715.

sentence in the trial court. The first and fourth assignments of error are sustained. The remaining assignments are moot.

The part of our judgment affirming Rowland's sentence is hereby vacated, the sentence itself is reversed, and the cause is remanded to the court of common pleas for resentencing in accordance with law. We do not otherwise disturb our previous affirmance of that part of the trial court's judgment entering a finding of guilt pursuant to the jury's verdict.

*Judgment accordingly.*

DOAN, P.J., GORMAN and SUNDERMANN, JJ., concur.