DECISION.
Merlan Rowland appeals from the judgment of the trial court resentencing him to five years' incarceration, the maximum possible term for a felony of the third degree. Because it is contrary to law, we vacate the sentence and remand this cause to the trial court.
Rowland was indicted on a charge of possession of cocaine in March 1998 and was found guilty after a jury trial.[1] The trial court sentenced him to five years' incarceration. With the assistance of counsel, Rowland appealed, challenging only the adjudication of his guilt. In 1999, this court affirmed the conviction.[2] Later that year, Rowland filed a prose application for reopening the appeal, arguing that his appellate counsel had been ineffective for failing to raise errors in the sentence imposed by the trial court. We granted the application and appointed counsel to assist Rowland. We held that he had been denied effective assistance by his original appellate counsel, and that he had erroneously received the maximum sentence, because the trial court had failed to make the requisite findings under R.C. 2929.14(C) and 2929.19(B)(2)(d).[3]
We vacated Rowland's sentence and remanded the matter to the trial court for resentencing in accordance with law.[4]
On remand, the trial court resentenced Rowland to the maximum term. The court completed a felony-sentencing checklist and "reincorporated" its findings from the original sentencing hearing.
Rowland's present appeal presents six assignments of error: (1) that the maximum sentence was contrary to law; (2) that the trial court erred by failing to impose a sentence similar to the one received by a co-defendant; (3) that the trial court erred by failing to determine whether he and the co-defendant were similar offenders; (4) that the trial court erred by failing to grant his motion for the transcript of the plea and sentencing hearing of the co-defendant; (5) that the trial court erred by imposing more than the minimum term of incarceration; and (6) that the trial court erred in failing to make appropriate findings in accordance with R.C. 2929.13(C), 2953.08(A)(2), and 2953.08(G)(1)(b).[5]
This court must review the record, including the underlying findings made by the sentencing court, under R.C. 2953.08(G)(2) (modified by H.B. No. 331, effective October 10, 2000). We may increase, reduce, or otherwise modify the sentence if we clearly and convincingly find that the sentence is contrary to law.[6]
In his first assignment of error, Rowland argues that his maximum sentence was contrary to law. We agree. R.C. 2929.14(C) limits the imposition of a maximum sentence to the following types of offenders: (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders. Under R.C. 2929.19(B)(2)(d), the court also must give its reasons for selecting the maximum sentence.[7]
In this case, the trial court determined on its felony-sentencing worksheet that Rowland had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. The court then incorporated its reasons from the original sentencing hearing to support its imposition of the maximum sentence. We find no support in the record for the court's finding that Rowland posed the greatest likelihood of recidivism. The presentence-investigation report does not demonstrate that Rowland had a criminal history. The report states only that "the state of California was unable to find a record" for Rowland. At most, the report indicates that Rowland may have had an alcohol problem. There is nothing in the record to show that Rowland posed the greatest
likelihood of recidivism.
While we also do not agree with the trial court that his was the worst form of cocaine possession, the presence of a gun near Rowland, as well as the large amount of cash found on him, justified a finding that a minimum prison term would demean the seriousness of the offense. We note that, because the trial court imposed the maximum sentence, it was not required to make the findings under R.C. 2929.14(B) to justify its imposition of a greater-than-minimum prison term.[8] But the court noted on its felony-sentencing worksheet that it had found both that the shortest prison term would demean the seriousness of Rowland's conduct and that it would not adequately protect the public from future crime. Therefore, although the trial court's imposition of a maximum prison term was contrary to law, we hold that the imposition of a term greater than the minimum was justified. Rowland's first assignment of error is accordingly well taken, but his fifth assignment of error is overruled.
In his second and third assignments of error, Rowland claims that the trial court erred by failing to impose upon him the same minimum prison sentence that the court had imposed upon a co-defendant, because they were "similar offenders" under R.C. 2929.11. In general, a felony sentencing court must adhere to the overriding purposes of felony sentencing described in R.C. 2929.11.[9] The sentence must punish the offender and protect the public from future offenses by the offender and others.[10] In achieving these overriding purposes, the sentencing court must ensure that the sentence is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim. The court must also ensure that the "sentence * * * shall be * * * consistent with the sentences imposed for similar crimes committed by similar offenders."[11]
Although we acknowledge the statutory mandate for consistency in sentencing, consistency does not require that identical sentences be imposed for co-defendants. In this case, the same factors that justified imposition of a greater-than-minimum sentence supported the trial court's imposition of a greater sentence for Rowland than that received by his co-defendant. Therefore, Rowland's second and third assignments of error are overruled.
 In his fourth assignment of error, Rowland claims that the trial court erred by denying his motion for the transcript of the plea and sentencing hearing of his co-defendant. Rowland argues that the transcript was necessary to "aid the trial court in determining whether Rowland and [the co-defendant] were similar offenders." But the record reflects that the judge who presided over Rowland's trial and sentencing also had presided over the co-defendant's plea and sentencing. Obviously, not only could the judge take judicial notice of the events at the prior hearing, but he had just concluded Rowland's trial, which included further evidence of the co-defendant's conduct in the offense. We overrule Rowland's fourth assignment of error.
We also reject the argument that Rowland makes in his sixth assignment of error. Rowland argues that the trial court erred in failing to make appropriate findings in accordance with R.C. 2929.13(C), 2953.08(A)(2), and 2953.08(G)(1)(b).[12] We disagree.
 Rowland contends that the trial court did not comply with R.C. 2929.13(C)'s mandate to consider both the purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. R.C. 2929.13(C) provides,
 Except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code. [Emphasis added.]
 The explicit language of the statute makes it clearly inapplicable in this case. Because Rowland was convicted of possession of crack cocaine in an amount that exceeded five grams, but was less than ten grams, the court was required to impose as a mandatory sentence a definite term of one, two, three, four or five years.[13]
R.C. 2929.12(A) requires a sentencing court to consider the applicable seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) as it exercises its discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in R.C. 2929.11.[14] The statutory mandate to assess the factors arises "unless otherwise required by section 2929.13 or 2929.14." Because Rowland's offense carried a mandatory prison term under R.C.2929.14(F)(4), the trial court had no discretion to determine whether a prison term would be an appropriate sentence, and, therefore, was not required to consider the seriousness and recidivism factors under R.C.2929.12.[15]
 Rowland also argues that the trial court failed to follow the mandate of R.C. 2953.08(A)(2) in that it did not make the findings required by R.C. 2929.13(B)(1). We reject this argument because neither R.C. 2953.08(A)(2) nor R.C. 2929.13(B)(1) applies to this case. R.C. 2953.08(A)(2) applies only to fourth- and fifth-degree felonies or to felony drug offenses that are specifically subject to R.C. 2929.13(B) for purposes of sentencing. The drug offense that Rowland committed, a third-degree-felony violation of R.C. 2925.11(A), is not specifically subject to R.C. 2929.13(B) because it carries a mandatory prison term under R.C. 2925.11(C)(4)(c). The only drug-possession offenses that are specifically subject to R.C. 2929.13(B) are certain fifth-degree-felony drug-possession offenses for which the court must determine "whether to impose a prison term on the offender."[16] Rowland's sixth assignment of error is overruled.
While we do not agree that the trial court's imposition of the maximum sentence was warranted, we are unable to "clearly and convincingly" find that the trial court's basis for imposing a more-than-minimum term of imprisonment was contrary to law. Accordingly, we vacate the sentence and remand this cause to the trial court with instructions to impose a sentence of not more than three years on the cocaine-possession offense, in addition to the one-year sentence previously imposed by the trial court for the gun specification.
Doan, P.J., Painter and Winkler, JJ.
[1] Although Rowland was also charged and found guilty of a gun specification, the specification and its resulting sentence are not relevant to the instant appeal. For this reason, we do not discuss them.
[2] See State v. Rowland (2000), 138 Ohio App.3d 473,741 N.E.2d 611.
[3] See id.
[4] See id.
[5] R.C. 2953.08(G) has been amended by S.B. No. 107, effective March 23, 2000, and most recently by H.B. No. 331, effective October 10, 2000.
[6] R.C. 2953.08(G)(2)(b). Subsection (a) does not apply because it concerns fourth- and fifth-degree felonies, felony drug offenses for which a presumption of a prison term is specifically applicable, and consecutive sentences.
[7] See State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329,715 N.E.2d 131, 135.
[8] See State v. Gladden (Jan. 1, 2001), Cuyahoga App. No. 76908, unreported; State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, unreported.
[9] See State v. Arnett (2000), 88 Ohio St.3d 208, 213, 724 N.E.2d 793,797.
[10] See id.
[11] R.C. 2929.11(B); see, also, State v. Stern (2000),137 Ohio App.3d 110, 115, 738 N.E.2d 76, 79, discretionary appeal not allowed (2000), 89 Ohio St.3d 1454, 731 N.E.2d 1141.
[12] R.C. 2953.08(G) has been amended by S.B. No. 107, effective March 23, 2000, and most recently by H.B. No. 331, effective October 10, 2000.
[13] See R.C. 2925.11(C)(4)(c); R.C. 2929.14(A)(3).
[14] See Arnett, supra, at 214, 724 N.E.2d at 798.
[15] See id.
[16] See R.C. 2925.11(C)(1)(a) (certain Schedule I or II drugs); R.C.2925.11(C)(3)(c) (marijuana); R.C. 2925.11(C)(4)(a) (cocaine); R.C.2925.11(C)(5)(a) (LSD); R.C. 2925.11(C)(6)(a) (heroin); and R.C.2925.11(C)(7)(c) (hashish).