DECISION.
Appellant Mark. D. Hodges filed an application to reopen his appeal under App.R. 26(B) and State v. Murnahan.[1] Concluding that there was a genuine issue as to whether Hodges had been deprived of effective assistance of counsel on appeal, this court granted his application.
Hodges argued in his application that his appellate counsel had been ineffective because counsel did not raise as error on appeal the failure of the trial court to hold a hearing in his presence before it entered anunc pro tunc order increasing his sentence. Hodges supplied evidence to support his application.
Hodges was convicted of four counts of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1), a second-degree felony. In 1995, Hodges had taken nude pictures of two minors. On June 16, 1999, after a sentencing hearing, the trial court imposed four concurrent five-year sentences. The trial court's initial sentence was based on the term of years required for a second-degree felony under Am.Sub.S.B. No. 2.
On October 20, 1999, the trial court journalized a nunc pro tunc entry amending Hodges's sentence by imposing four concurrent five-to-fifteen-year sentences. The nunc pro tunc entry was based on the term of years required for a second-degree felony before Am.Sub.S.B. No. 2 became effective-two, three, four, or five years' minimum to fifteen years' maximum. The entry also contained language indicating that Hodges and his counsel had been present on July 16, 1999, and were given an opportunity to speak. Hodges was not present on October 20, 1999.
Hodges raises one assignment of error in this appeal. He claims that he was prejudiced by the trial court's decision to resentence him without a hearing. Hodges argues that, in the absence of a hearing, he was precluded from arguing for the lower minimum in return for the higher maximum sentence that was imposed. By implication, under our App.R. 26(B) reconsideration, his claim of prejudice also challenges the effectiveness of the assistance afforded by his original appellate counsel, who failed to raise the issue on direct appeal. Thus, we address both whether appellate counsel was ineffective and whether the trial court erred in resentencing Hodges without notice or a hearing.
This court has emphasized that Crim.R. 43(A) clearly requires that a defendant be present at sentencing.[2] We have held that "[w]hen a sentence pronounced in open court is subsequently modified and the judgment entry reflects the modification, the modification must have been made in the defendant's presence."[3] In this case, the trial court journalized a nunc pro tunc entry that allegedly "amended" its original sentence. The entry was not, however, an amendment, nor was its nunc protunc application appropriate.
 A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. * * * A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. * * * That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. * * * Therefore, a nunc pro tunc order is a vehicle used to correct an order issued which fails to reflect the trial court's true action.[4]
 This court has emphasized that the function of a nunc pro tunc order is essentially clerical.[5] And its purpose "is to record officially an action actually taken by the trial court but not duly recorded in the first instance."[6]
In this case, the trial court's nunc pro tunc order reflected what it should have done but did not do. This was an inappropriate use of such an order. A nunc pro tunc order "may be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at the sentencing hearing and [it] does not constitute an increase in the sentence."[7] While some courts have allowed a trial court to use anunc pro tunc order to correct an incorrect sentence if the defendant is present,[8] we believe that a nunc pro tunc order is an improper device to do so, because the trial court is "using the device to correct an error in sentencing rather than to memorialize a correct and complete act which was inadvertently not recorded."[9] Thus, we are left in this case with a situation where the trial court's initial sentence is void because it did not comply with the statutory requirements.[10] And the trial court's nunc pro tunc order is invalid.
Further, the use of a nunc pro tunc order in this case is repugnant to the requirements of Crim.R. 43(A). The trial court did not merely "amend" Hodges's sentence. The effect of its new sentence was to extend Hodges's sentence, potentially for an additional ten years. A defendant is entitled to be present at a resentencing hearing if the trial court changes his sentence.[11] Thus, we conclude that the trial court erred by changing Hodges's sentence in his absence.
We also conclude that appellate counsel's failure to bring the error on direct appeal was prejudicial. To prevail on a claim of ineffective assistance, a defendant must demonstrate that counsel's performance was deficient and that counsel's deficient performance prejudiced the defendant.[12] "A violation of Crim.R. 43(A) is a violation of the defendant's due process rights, which requires a reviewing court to reverse and remand the case for resentencing."[13] Without a hearing or an opportunity to challenge the trial court's imposition of a different sentence, Hodges now faces the potential of serving ten additional years of incarceration. He has also been denied the opportunity to argue for a minimum sentence of two, three, or four years. We hold that Hodges has been deprived of the effective assistance of appellate counsel.
Accordingly, we vacate that part of our April 5, 2000, judgment affirming Hodges's sentence, vacate the sentence imposed by the trial court, and remand the case to the court of common pleas for resentencing in accordance with law. We do not otherwise disturb our previous affirmance of that part of the trial court's judgment entering a finding of guilt pursuant to the jury's verdict.
 _____________________ Painter, Presiding Judge.
 Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[2] See State v. Carpenter (Oct. 9, 1996), Hamilton App. No. C-950889, unreported.
[3] See id.
[4] See State v. Greulich (1988), 61 Ohio App.3d 22, 24-25,572 N.E.2d 132, 134 (citations omitted).
[5] See State v. Wallace (Dec. 10, 1999), Hamilton App. No. C-980314, unreported; Valerius v. Freeman (Oct. 19, 1994), Hamilton App. No. C-930658, unreported.
[6] See State v. Rader (1988), 55 Ohio App.3d 102, 105, 563 N.E.2d 304,306, fn. 3.
[7] See State v. Francis (Jan. 25, 2000), Guernsey App. NO. 98CA13, unreported.
[8] See State v. Sims (Feb. 20, 1997), Franklin App. No. 96APA05-676, unreported, citing State v. Calvillo (1991), 76 Ohio App.3d 714, 717,603 N.E.2d 325, 327.
[9] See State v. Bryant (July 23, 1986), Hamilton App. No. C-850651, unreported.
[10] See State v. Beasley (1984), 14 Ohio St.3d 74, 75,471 N.E.2d 774.
[11] See State v. Coach (May 5, 2000), Hamilton App. No. C-990349, unreported; State v. Carpenter, supra.
[12] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Rojas (1992), 64 Ohio St.3d 131, 141, 592 N.E.2d 1376,1386; State v. Rowland (2000), 138 Ohio App.3d 473, 741 N.E.2d 611.
[13] See State v. Coach, supra; State v. Griffin (1998),131 Ohio App.3d 696, 699, 723 N.E.2d 606, 609.