60

THE STATE, EX REL. LEIS, PROS. ATTY., APPELLEE, *v.*
GUSWEILER, JUDGE, APPELLANT, ET AL.

[Cite as State, ex rel. Leis, v. Gusweiler (1981),
65 Ohio St. 2d   60.]

(No. 80-1185—Decided March 25, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. Robert R. Hastings, Jr.,* and *Mr. Thomas W. Miller,* for appellant.

*Per Curiam.* In *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, this court stated that on a plea of no contest the court could find the defendant guilty of a lesser included offense in the event of a finding of not guilty as to the principal charge. Although the charged offense in *O'Connor* was a misdemeanor rather than a felony, as in the instant cause, Crim. R. 11(A), which provides for the plea of no contest, makes no distinction between felony and misdemeanor offenses. Since the case was submitted on a plea of no contest, appellant had the authority to enter a finding on the lesser included offense.

Appellee contends the oral pronouncement made by appellant does not create such finality as would place Brutsche in jeopardy. However, this court further stated in *O'Connor,* at page 382, that the defendant "was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea." The United States Supreme Court has stated that jeopardy attaches in a criminal case when the defendant is " 'put to trial before the trier of the facts, whether the trier be a jury or a judge.' " *Serfass* v. *United States* (1975), 420 U. S. 377, 388.

Here, the appellant exercised his discretion to accept a no contest plea and resolved the factual elements of the charged offense against the state by indicating his intent to find the defendant guilty of an attempt rather than guilty of the principal charge. Thus, jeopardy has attached in the instant cause.

The writ issued by the Court of Appeals would result in the defendant being placed twice in jeopardy. Mandamus will not issue to command a vain act. *O'Connor, supra,* at page 383; *State, ex. rel. Freeman,* v. *Valentine* (1971), 25 Ohio St. 2d 184.

Accordingly, the judgment of the Court of Appeals granting the writ is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.