THE STATE OF OHIO, APPELLANT, *v.*
HOWELL ET AL., APPELLEES.

(No. 5700—Decided December 30, 1981.)

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Dale T. Evans,* for appellant.

*Mr. James B. Lindsey,* for appellees.

MCKEE, J. This is an appeal by the state of Ohio pursuant to leave having been granted under R.C. 2945.67. The appeal is from the sentence imposed by the trial court.

The proceedings giving rise to the sentence are simply stated. Defendants-appellees, Cynthia R. Howell and Bruce W. Butler, were indicted for aggravated trafficking under R.C. 2925.03(A)(5), which involves an amount of drugs more than the bulk amount, but less than three times the bulk amount. There was no plea bargain agreement. Violation of this section is a felony of the second degree with a three-year mandatory sentence.

Defendants, after being advised of all rights, entered a plea of "no contest." The court accepted the plea. The court

then obtained a description of the facts from the state which revealed the defendants had more than the bulk amount defined in R.C. 2925.01(E)(6) by way of dosage, but less than the bulk amount by weight.

Defendants then orally moved the court for purposes of sentencing to amend the indictment to less than the bulk amount under R.C. 2925.03(A)(1).[1]

The court made no finding as to defendants under the indicted charge and over the state's objection granted the motion. The court then found defendants "guilty" under the amended indictment and sentenced them under the third degree felony penalties. It is from this judgment that the state appeals.

The state assigns the following error:

"The trial court erred in sustaining appellees' motion and ruling that the state was required to prove the bulk amount of LSD for prosecution under Section 2925.03(A)(5) O.R.C. by weight, and holding as a matter of law that the state was precluded from proving bulk amount by unit dosage."

It should be noted at the outset that Crim. R. 11(B)(2) provides, in pertinent part, "[t]he plea of no contest * * * is an admission of the truth of the facts alleged in the indictment * * *." Crim. R. 11(B)(3) then provides that once the plea is accepted the court shall "proceed with sentencing under Rule 32."

Compliance with the rule by the trial court would make unnecessary any examination of R.C. 2925.01(E)(6) as the "truth of the facts" was admitted. As the state did present a factual basis beyond the indictment, it is necessary for us to look at such section under the ruling in *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142].

In *Cohen,* the court repeated the accepted view of Crim. R. 11(B)(2) as we have described it, but went on to state that if the state's statement of facts negates an element, the trial court might reduce the charge. (The court further stated that the *better* procedure would be for the trial court to refuse the plea.)

We, therefore, look to see if the statement of the state negated an element. R.C. 2925.01(E)(6), in defining the "bulk amount," uses the disjunctive "or" between the weight description and the dosage description. The meaning is plain and the state is required to prove either weight or dosage, but not both. When the meaning is plain, there is no basis for any other construction. See *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621.

The statement of the state did not negate an element of the indictment and there was no basis for the court to sentence on a lesser offense. The argument of the defendants that other defendants had received different dispositions was of no consequence. *State* v. *Jackson* (1977), 50 Ohio St. 2d 253 [4 O.O.3d 429].

Even though the trial court was in error in such procedure, jeopardy would have attached and the sentence remained in effect if the court would have found the defendants "not guilty" of the indictment. (See *State, ex rel. Sawyer,* v. *O'Connor* [1978], 54 Ohio St. 2d 380 [8 O.O.3d 393], where the court improperly found the defendant "not guilty" of driving while intoxicated and "guilty" of reckless operation.)

In the case *sub judice,* the court ordered the amendment for purposes of

---

[1] The transcript reveals:

"Mr. Borcoman: If the Court please, in light of what the prosecutor has indicated, I would ask the court to make a finding on this case if the court accepts the plea of No Contest ask the court to make a sentence under Revised Code 2925.03 A-1 and sub section C-1 in so much as actually three things apply here.

"Mr. Zedell: I believe I heard Mr. Borcoman say he was propounding his arguments for Miss Howell, not certain, I'd like to have the argument that he propounded be incorporated for on behalf of Mr. Butler also."

94

sentencing. In *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121 [16 O.O.3d 143], the court found the state has a right of appeal to correct an improper sentence and that double jeopardy does not attach (citing *Bozza* v. *United States* [1947], 330 U.S. 160).

*State, ex rel. Zoller,* v. *Talbert* (1980), 62 Ohio St. 2d 329 [16 O.O.3d 391], and *State, ex rel. Leis,* v. *Outcalt* (1980), 62 Ohio St. 2d 331 [16 O.O.3d 392], affirm the proposition that the state has the right to seek leave to appeal upon the basis of claimed error in sentencing.

The sole assignment of error is sustained.

The judgment of the court of common pleas is reversed and the cause remanded for imposition of sentence in accordance with law.

*Judgment reversed and cause remanded.*

HENDERSON, P.J., and PUTMAN, J., concur.