THE STATE OF OHIO, APPELLANT, *v.* RADER, APPELLEE.

(No. C-870465—Decided
August 10, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Paul R. Markgraf,* for appellant.

*David J. Scacchetti* and *Timothy A. Smith,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

We granted the state leave to appeal the final judgment and sentence entered against defendant-appellee Sheri B. Rader, under R.C. 2945.67, and we later overruled Rader's motion to dismiss the appeal. We note that *State* v. *Arnett* (1986), 22 Ohio St. 3d 186, 188, 22 OBR 272, 273, 489 N.E. 2d 284, 286, holds that even after a verdict of not guilty, a court of appeals has jurisdiction "to grant the state leave to appeal from a decision of the trial court on the admissibility of evidence." The decision appealed in the instant case, which the state asserts is erroneous, is not an interlocutory decision but the final judgment of the court below. Having determined to allow the state's appeal and not to dismiss it, we now address the merits of the state's contentions.

After the state's appeal was allowed, Rader advised this court that she would not file a brief, her arguments on the motion for leave and the motion to dismiss not having been persuasive (in her eyes), and the ultimate resolution being foreordained because the state cannot appeal a "final verdict."

In the trial court, Rader pleaded no contest to the three counts of the indictment. The counts alleged felony drug-abuse offenses as follows: first count, sale of cocaine in an amount in excess of three times bulk amount in violation of R.C. 2925.03(A)(7); second count, possession of cocaine in violation of R.C. 2925.11; third count, sale of cocaine in an amount in excess of bulk amount in violation of R.C. 2925.03(A)(5). After a colloquy complying with Crim. R. 11(C), the court asked for a statement of the facts, and the prosecutor recited facts clearly sufficient to support each of the three charges, including the amounts of cocaine as alleged in the first and third counts. Upon completion of the prosecutor's statement, without intervention by defense counsel and without any questions from the court, the court accepted the pleas and found Rader guilty of the lesser included offense of sale of cocaine in less than bulk amount in violation of R.C. 2925.03(A)(1) under both the first and third counts, while finding her guilty as charged in the second count. A presentence report was ordered and later received from the probation department. Rader was sentenced to two years on each of counts one and three to be served consecutively and six months on the second count to be served concurrently.

The state's single assignment of error is that the trial court erred in finding Rader guilty of the lesser included offenses under the first and third counts. The state argues that under the circumstances, the trial court had no power or authority to find Rader guilty of the lesser included of-

fenses and that the court's finding was erroneous as a matter of law. We agree that the court erred.

The error arose because the trial court had no "evidence" before it that could conceivably support its conclusion that the two sales alleged in the first and third counts involved less than the bulk amount of cocaine. Under *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 9 OBR 438, 459 N.E. 2d 532, the provisions of R.C. 2937.07[1] prevail over Crim. R. 11(B)(2),[2] because the statute confers a "substantive right" on the accused. This means that the filing of a no-contest plea constitutes "a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances" pursuant to R.C. 2937.07, and that assuming the indictment or complaint contains sufficient allegations to state an offense, the court may make its final determination of guilt or innocence on that unsworn "explanation of circumstances." In effect, the defendant has waived all his constitutional rights, including (among others) his rights to trial by jury, to confrontation of his accusers, and to the calling of witnesses in his defense. It would seem that a defendant should always be advised of these effects of his plea of no contest.

Although R.C. 2937.07 is by its terms limited to misdemeanors, the Supreme Court has held that a no-contest plea having been filed in a felony case (rape), the judge had authority to enter a finding on a lesser included offense (attempted rape) based on the unsworn colloquy between the court and counsel. *State, ex rel. Leis,* v. *Gusweiler* (1981), 65 Ohio St. 2d 60, 19 O.O. 3d 257, 418 N.E. 2d 397. We must conclude that the provision of Crim. R. 11(B)(2) to the effect that a no-contest plea "is an admission of the truth of the facts alleged in the indictment" is now meaningless.

In the instant case, the first and third counts of the indictment clearly alleged felony drug-abuse offenses, the only "explanation of circumstances" made to the court was that both sales involved cocaine in excess of the bulk amount, and the defendant failed to controvert the prosecutor's statement. In our view, the court had no authority, power or discretion to find Rader guilty of the lesser offense of less than bulk amount.

The error, however, cannot be corrected. *State, ex rel. Leis,* v. *Gusweiler, supra,* and *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494, hold that the finding of guilty of a lesser included offense constitutes a finding of not guilty of the greater offense, even though the trial court does not so state,[3] and that a defendant is placed in jeopardy when the court exercises

---

[1] R.C. 2937.07 states in pertinent part:

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal charge in any subsequent action or proceeding, whether civil or criminal."

[2] Crim. R. 11(B)(2) states in full:

"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

[3] We find in a supplemental transcript of the docket, journal entries and original papers a *nunc pro tunc* order of the findings of the court that expressly finds Rader not guilty of the greater offenses under the first and third counts but guilty of the

its discretion and accepts the no-contest plea. *Gusweiler,* as noted, involved a felony, while *O'Connor* involved a misdemeanor. The instant case involves felonies. When Rader's no-contest plea was offered and accepted, she had "run the gauntlet" and subjected herself to jeopardy, even though no jury or witness had been sworn. The procedure precluded any and all subsequent procedures addressing the accused's guilt or innocence.[4]

It follows logically that a reversal of the judgment, or of the sentence only, and a remand for further proceedings would be a vain act, because a trial or a resentencing, or both, would violate the constitutional provisions against double jeopardy. *State, ex rel. Leis,* v. *Gusweiler, supra; State, ex rel. Sawyer,* v. *O'Connor, supra.* Our hands are tied, even though the trial court erred.

---

lesser offenses, and an explanation that the trial court meant to articulate the not-guilty findings even though it did not do so originally. We give this *nunc pro tunc* order no significance whatsoever, because it exceeds the function of a *nunc pro tunc* order, which is essentially clerical: it is to record officially an action actually taken by a trial court but not duly recorded in the first instance. *State* v. *Breedlove* (1988), 46 Ohio App. 3d 78, 546 N.E. 2d 420, paragraph three of the syllabus.

[4] *Ohio* v. *Johnson* (1984), 467 U.S. 493, it may be argued, changed the fundament on which *Gusweiler* and *O'Connor* were decided. *Johnson* reversed an Ohio Supreme Court decision that involved four original charges stemming from a single incident involving murder and robbery. The four counts of the indictment charged murder and involuntary manslaughter, and robbery and theft. At arraignment, the defendant was permitted over the state's objection to plead guilty to involuntary manslaughter and theft. Thereafter, on defendant's motion, the murder and robbery charges were dismissed on grounds of double jeopardy. The United States

We decline to follow our brothers of the Fifth Appellate District. In *State* v. *Howell* (1981), 5 Ohio App. 3d 92, 5 OBR 206, 449 N.E. 2d 523, the appellate court reversed the trial court's judgment and remanded the case for resentencing under a factual background somewhat different from that of the instant case. In *Howell,* the trial court granted defendant's oral motion to amend an indictment that charged a violation of R.C. 2925.03(A)(5) so that the charge became a violation of the lesser included offense of R.C. 2925.03(A)(1), even though the "explanation of circumstances," which had been given, clearly revealed trafficking in a drug in an amount greater than the bulk amount. The trial court then sentenced the defendant on the lesser offense, and the state appealed. (We note that the Fifth District also treated as meaningless the part of

Supreme Court reversed, holding that the Double Jeopardy Clause does not preclude trial on the greater charges of murder and robbery. There was no trial of the lesser charges; only a part of the charges made by the state was resolved; the defendant was not exposed to conviction on the greater charges, because he had pleaded not guilty to them; the state had no opportunity to bring the defendant to trial on the greater offenses. Acceptance of a guilty plea to the lesser charges was held not to be the equivalent of a jury verdict on the same charges after a trial. The state was denied "its right to one full and fair opportunity to convict those who had violated its laws." *Ohio* v. *Johnson, supra,* at 502.

We note the decision in *Johnson* because it appears to us to hold that there are instances when the acceptance of a plea to lesser charges does not preclude a trial of the greater charges. However, we hesitate to rely on this case as authority to reverse and remand the instant judgment and sentence because the Ohio Supreme Court has not, to date, changed its holdings that a plea of no contest, once filed and accepted, constitutes jeopardy under any and all circumstances.

Crim. R. 11[B][2] that makes a no-contest plea an admission of the facts alleged in the indictment.) In the instant case, no motion was made to amend the indictment, but that absence is not, in our opinion, of any significance. We believe our decision is in conflict with that of the Court of Appeals for the Fifth Appellate District.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and UTZ, JJ., concur.