**The STATE of Ohio, Appellee,**

**v.**

**PEEK, Appellant.**

[Cite as *State v. Peek* (1996), 110 Ohio App.3d 165.]

No. C–950411.

Court of Appeals of Ohio,
First District, Hamilton County.

Decided March 29, 1996.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellee.

*Dennis R. Lapp,* for appellant.

GORMAN, Presiding Judge.

In a single assignment of error, defendant-appellant, Jason Peek, appeals from the judgment of the Hamilton County Court of Common Pleas convicting him of unauthorized use of a motor vehicle (R.C. 2913.03), a misdemeanor of the first degree, following his plea of no contest to an indictment which charged him with receiving a stolen motor vehicle (R.C. 2913.51[A] ), a felony of the third degree.

Peek contends that the offense of unauthorized use of a motor vehicle is not a lesser included offense of receiving a stolen motor vehicle. Accordingly, he contends that he must be discharged because double jeopardy now bars his prosecution for the greater offense. The state, which has not assigned error, claims that it "is not exactly true" that unauthorized use is a lesser included offense of receiving stolen property, but argues that a trial court may enter a judgment of conviction on an offense which is a lesser included offense, an offense

of a lesser degree, or an attempt to commit the greater charged offense. We disagree in this case with the state's contention.

Following his December 1994 arrest for driving a stolen motor vehicle, Peek was indicted for receiving a stolen motor vehicle, in violation of R.C. 2913.51(A). Peek did not challenge the adequacy of the indictment, and the record discloses no defect in the trial court's compliance with the Crim.R. 11(C) colloquy before it accepted Peek's no-contest plea.

The prosecutor's brief statement of the facts casts no doubts on the indictment, and Peek's trial counsel offered no factual explanation or argument to the court. After accepting Peek's plea, the trial court found him guilty of unauthorized use of a motor vehicle in violation of R.C. 2913.03, an offense for which Peek had not been indicted and with which he had not been charged by means of a complaint.

▪ Generally, a trial court may enter a judgment of conviction on an offense which is a lesser included offense, an offense of an inferior degree, or an attempt to commit the greater charged offense. See, *e.g., State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph one of the syllabus; *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 19 O.O.3d 257, 418 N.E.2d 397. Unauthorized use of a motor vehicle, however, is neither an offense of an inferior degree nor a lesser included offense of receiving a stolen motor vehicle.

R.C. 2913.51(A) provides that:

"No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

R.C. 2913.03(A) proscribes the unauthorized use of a motor vehicle and provides that:

"No person shall knowingly use or operate * * * [a] motor vehicle * * * without the consent of the owner or person authorized to give consent."

▪ An offense of an inferior degree is one in which the elements are identical with the indicted offense except for one or more additional mitigating elements. *State v. Deem, supra,* 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph two of the syllabus. By simple comparison, the lack of identity of elements for the two offenses conclusively eliminates unauthorized use from the classification of those offenses which are lesser offenses of an inferior degree.

▪ An offense is a lesser included offense of another if "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to

prove the commission of the lesser offense." *State v. Deem,* paragraph three of the syllabus.

Unauthorized use does indeed carry a lesser penalty than receiving a stolen motor vehicle. It is not, however, true that the greater offense, as statutorily defined, cannot ever be committed without perforce committing an act of unauthorized use. For example, where a thief, without the owner's consent, stores the stolen vehicle at the premises of another who has cause to believe the motor vehicle is stolen, the person storing it does "retain" the motor vehicle for purposes of receiving in violation of R.C. 2913.51, but does not also commit unauthorized use because he does not "use" or "operate" it in violation of R.C. 2913.03(A). Therefore, unauthorized use is not a lesser included offense of receiving stolen property. Thus, the trial court, after accepting Peek's no-contest plea, convicted and sentenced him for an offense that does not fall within the previously noted exceptions. This is error.

■ In *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 8 O.O.3d 393, 377 N.E.2d 494, the trial court, after accepting a defendant's plea of no contest to driving while intoxicated, for reasons of "hardship" found him guilty of reckless operation. Reckless operation is not a lesser included offense of driving while intoxicated. In denying the city prosecutor's request for a writ of mandamus, the Supreme Court held that there had been a final determination by the trial court of not guilty so far as the greater charged offense was concerned, irrespective of whether, in arriving at that determination, the trial court grossly abused its discretion or erred in concluding that one was a lesser included offense of the other. *Id.* at 382–383, 8 O.O.3d at 394–395, 377 N.E.2d at 497. The court, noting that a defendant is placed in jeopardy when a trial court accepts his plea of no contest, refused to grant the writ seeking to vacate the lesser charge and to require the trial court to proceed to make a finding consistent with law. *Id.* The court concluded that granting the writ would be a vain act as "the result is to unconstitutionally place defendant twice in jeopardy." *Id.* at 383, 8 O.O.3d at 395–396, 377 N.E.2d at 497.

■ We hold that Peek was placed in jeopardy when the trial court accepted the no-contest plea. The effect of the trial court's finding of guilty for unauthorized use was a final determination by the trial court of not guilty so far as the greater charged offense was concerned. The state is precluded from further prosecution under the indictment returned in this case. *Id.; State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 19 O.O.3d 257, 418 N.E.2d 397; *State v. Rader*

(1988), 55 Ohio App.3d 102, 104–105, 563 N.E.2d 304, 306.[1]

The assignment of error is well taken.

We note that the *State v. Deem* test for lesser included offenses is "grounded primarily in the need for clarity in meeting the constitutional requirement that an accused have notice of the offenses charged against him. Sixth Amendment to the United States Constitution; Section 10, Article I of the Ohio Constitution." 40 Ohio St.3d at 210, 533 N.E.2d at 299. From Peek's perspective, notice of the lesser offense was clearly not an issue. The irony in this case is that while, historically, a lesser included offense provided a fail-safe for the prosecution rather than for the defense, assuring justice in those situations where the defendant has committed an offense but the state's proof as to an element of the greater offense fails, here the trial judge's error favored Peek by reducing the conviction to a misdemeanor from the felony which his plea of no contest contemplated.

Although double jeopardy bars the state from reprosecuting Peek for the felony, despite the trial court's error, nothing in our decision today bars the state from filing a charge and prosecuting Peek for unauthorized use of a motor vehicle.

Therefore, the trial court's judgment of conviction for unauthorized use of a motor vehicle, journalized on May 31, 1995, is reversed. Moreover, Peek is discharged from further prosecution under the indictment returned in this case.

*Judgment reversed.*

HILDEBRANDT and MARIANNA BROWN BETTMAN, JJ., concur.

---

1. Even if, as the state reluctantly contends, unauthorized use is a lesser included offense of receiving a stolen motor vehicle, we would still sustain Peek's assignment of error. In *State v. Rader*, 55 Ohio App.3d at 104, 563 N.E.2d at 305–306, we held that a trial court has no authority, power or discretion to find a defendant guilty of a lesser included offense when it accepts a no-contest plea by the defendant admitting the truth of the uncontroverted facts alleged in an indictment which clearly sets forth the statutory elements of the greater offense.