ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Elijah Thomas appeals his conviction from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we reverse and remand.
 {¶ 3} Thomas was charged with receiving stolen property, motor vehicle, under R.C. 2913.51. Thomas waived a jury, and the case was tried to the bench. The trial court found "that the state did not prove receiving stolen property beyond a reasonable doubt, but did prove the unauthorized use of a vehicle, a violation of 2913.03(A)." Thomas was sentenced in this case at the same time he was sentenced in a felony four drug possession case.
 {¶ 4} Thomas appeals, advancing one assignment of error for our review, which states the following:
 {¶ 5} "The trial court erred by finding appellant guilty of the offense of unauthorized use of a motor vehicle under R.C.2913.03. Unauthorized use of a motor vehicle is not, and cannot be, the lesser included offense of receiving stolen property, R.C. 2913.51."
 {¶ 6} Thomas argues, and the state concedes, that he cannot be found guilty of unauthorized use of a motor vehicle because it is not a lesser included offense of receiving stolen property. We agree; the case law is clear that unauthorized use of a motor vehicle is not the lesser included offense of receiving stolen property. See State v. Peek (1996), 110 Ohio App.3d 165, 168.
 {¶ 7} Accordingly, Thomas's sole assignment of error is sustained.
 {¶ 8} Judgment reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J., Concur.