The STATE of Ohio, Plaintiff,

v.

LYNCH, Defendant.

2008-Ohio-307.]

Medina Municipal Court.

No. 03 TRC 10931.

Decided Jan. 8, 2008.

Richard Barbera, Medina Prosecuting Attorney, for the State.

L. Ray Jones, for defendant.

---

DALE H. CHASE, Judge.

{¶ 1} This matter is before the court on the defendant's petition filed pursuant to R.C. 2953.52 to seal the record of an acquittal after a jury trial of a charge of operating a vehicle while under the influence of alcohol ("OVI") pursuant to R.C. 4511.19(A)(1).

{¶ 2} On October 5, 2003, the defendant was charged with OVI (R.C. 4511.19(A)(1)), operating a vehicle left of center (R.C. 4511.25), and failure to wear a seat belt as the operator of a vehicle (R.C. 4513.263(B)(1)).

{¶ 3} The case proceeded to a combined jury trial and bench trial on June 3, 2004. The defendant was found guilty of the left-of-center violation, not guilty by the jury of the OVI charge, and not guilty by the court of the seat-belt charge.

{¶ 4} On August 24, 2007, the defendant filed a petition to seal the record of his acquittal pursuant to R.C. 2953.52 (incorrectly stated in the motion as R.C. 2953.32).

{¶ 5} The court held a hearing on this petition on October 19, 2007. The defendant was represented by counsel, but did not appear. The court raised a public-policy concern regarding sealing the records of an OVI charge that was based on a refusal of a breath test, since records of this refusal are maintained by the Bureau of Motor Vehicles.

{¶ 6} Counsel for the defendant indicated that the defendant had no desire to seal the records of the Bureau of Motor Vehicles, only to seal the records of the arrest and the court proceedings. The defendant indicated that he would consent to a court order that did not direct the Bureau of Motor Vehicles to seal any records relating to the administrative license suspension and the refusal of a breath test.

{¶ 7} R.C. 2953.52(A)(1) provides: "Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case." R.C. 2953.52(B) provides that the court shall set a date for hearing and send notice of the hearing to the prosecutor in the criminal case. The prosecutor is granted leave to file an objection prior to the date set for the hearing with specific statements in the objection as to why the prosecutor believes a denial of the application is appropriate.

{¶ 8} After the hearing, the court is directed pursuant to R.C. 2953.52(B)(2) to make several determinations as follows: to determine whether the person was found not guilty, or if the complaint was dismissed; to determine if any criminal proceedings are pending against the defendant; to consider any objections stated by the prosecutor; and finally, pursuant to R.C. 2953.52(B)(2)(d); to "weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records."

{¶ 9} Pursuant to R.C. 2953.52(B)(3), if the court makes the determinations indicated above and finds that "the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, * * * the court *shall issue an order directing that all official records pertaining to the case be sealed.*" (Emphasis added.)

{¶ 10} R.C. 2953.51(D) defines official records: " *'Official records' means all records that are possessed by any public office or agency that relate to a criminal case,* including, but not limited to: the notation to the case in the criminal docket; all subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer, microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case. 'Official records' does not include records or reports maintained pursuant to section 2151.421 [2151.42.1] of the Revised Code by a public children services agency or the department of job and family services." (Emphasis added.)

{¶ 11} Upon issuing an order to seal all official records, the court is required pursuant to R.C. 2953.53(A) to send notice of the order "to any public office or agency that the court knows or has reason to believe may have any record of the case, whether or not it is an official record, that is the subject of the order."

{¶ 12} Pursuant to R.C. 2953.53(C), an order to seal official records applies to every public office or agency that has a record of the case regardless whether the public office or agency receives notice of the hearing or receives a copy of the order to seal the records.

{¶ 13} There is no statutory provision that allows a court to partially seal official records relating to a criminal case. The definition of "official records" as "all records that are possessed by any public office or agency that relate to a criminal case" is all-inclusive and without limitation, except for the specific exceptions in the statute. Records of the Bureau of Motor Vehicles are not specifically exempted from the definition of official records, and it is a public office or agency that would be required to seal its records pursuant to an order issued in compliance with R.C. 2953.52 as required by R.C. 2953.53.

{¶ 14} Accordingly, the court is not permitted to issue an order to seal the records of this case that does not require the Bureau of Motor Vehicles to seal its records concerning the administrative license suspension resulting from the refusal to submit to a chemical test.

■ {¶ 15} When a court considers the "legitimate needs" of the government to maintain records, it is required, as part of this evaluation, to identify the defendant's privacy interests and consider them in the context of any publicity that surrounded the trial, to consider and identify the public importance of the trial, and to consider "the public's presumptive right of access to inspect the trial records." *State ex rel. Cincinnati Enquirer v. Winkler,* 149 Ohio App.3d 350, 2002-Ohio-4803, 777 N.E.2d 320 (1st App. Dist.).

■ {¶ 16} Although not expressed by the defendant by way of affidavit or testimony, the defendant has cognizable interests in having his arrest and trial records sealed. Arrests can be embarrassing or the result of a malicious prosecution or wrongful identification. Trial proceedings may similarly have embarrassing details of a defendant's personal life and actions. The ability to preclude from public inspection personal details and activities is a valid privacy interest.

{¶ 17} The public policy of the state of Ohio, as expressed by statute, is opposed to the sealing of Bureau of Motor Vehicles records of administrative license suspensions. R.C. 4511.191 provides for increasing the duration of an administrative license suspension if the person previously has refused to give a sample of breath, blood, or urine:

| | |
|---|---|
| 0 prior refusals within 6 years | 1 year suspension (Class C) |
| 1 prior refusal within 6 years | 2 year suspension (Class B) |
| 2 prior refusals within 6 years | 3 year suspension (Class A) |
| 3 or more prior refusals within 6 years | 5 year suspension R.C. 4511.191(B)(1)(d) |

{¶ 18} Sealing the records of administrative license suspensions for refusals could hinder or prevent the Bureau of Motor Vehicles from imposing the appropriate duration of license suspension upon future refusals.

{¶ 19} The Ohio Public Records Act (R.C. 149.43 et seq.) codifies that the "rule in Ohio is that public records are the people's records." *Dayton Newspapers v. Dayton* (1976), 45 Ohio St.2d 107, 109, 74 O.O.2d 209, 341 N.E.2d 576.

■ {¶ 20} Ohio recognizes a qualified right of public access to proceedings that have historically been open to the public and in which public access plays a significantly positive role. *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439. This qualified right of access to court proceedings includes "live proceedings and the transcripts [that] document those proceedings." *State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas* (1995), 73 Ohio St.3d 19, 21, 652 N.E.2d 179.

{¶ 21} R.C. 2953.52 deals not only with sealing the records of an acquittal but also the records of a dismissal. Trial court judges and mayors across Ohio often dismiss charges of OVI for various reasons, some of which are legitimate. Legitimate reasons include situations in which (1) a court has suppressed

evidence, making a conviction impossible to achieve, (2) the arresting officer has been convicted of a criminal offense or discharged from employment such that his or her credibility is not capable of rehabilitation at trial, (3) the defendant has died while the case is proceeding, (4) a defendant's name or identity were wrongfully used by a third-party resulting in charges being filed against the wrong person, or (5) a prosecution was maliciously or wrongfully initiated.

{¶ 22} However, OVI charges often are dismissed and reduced in municipal, county, and mayor's courts throughout the state for inappropriate reasons. Often in such cases, the OVI charge is dismissed in exchange for the defendant's entering a plea to a newly filed charge of reckless operation. These dismissals often occur when no evidence has been suppressed in the case and a valid test result is admissible to prove the charge. They sometimes are done sua sponte, with no record or transcript of the proceedings.

{¶ 23} The Supreme Court of Ohio maintains records that reflect municipal, county, and mayor's court reductions of OVI charges. While these statistics do not distinguish appropriate reductions from inappropriate ones, they are illustrative of the magnitude of this activity statewide. (See Chart 1.)

### Chart 1: OVI Reductions in State of Ohio

**Municipal and County Courts**

|  | Total OVI Cases Terminated | Plea to a Reduced Charge | % Reduced |
|---|---|---|---|
| 2006 | 81,256 | 11,962 | 14.7% |
| 2005 | 80,197 | 11,303 | 14.1% |
| 2004 | 83,371 | 11,898 | 14.3% |

**Mayor's Courts**

|  | Total OVI Cases Terminated less Transfers to other Courts | Plea to a Reduced Charge | % Reduced |
|---|---|---|---|
| 2006 | 4,023 | 931 | 23.1% |
| 2005 | 4,091 | 975 | 23.8% |
| 2004 | Not Available | Not Available | --- |

The Supreme Court of Ohio, *Ohio Courts Summary 2006* (Revised May 10, 2007); *2005* ; and *2004* (Revised October 5, 2005) (www.sconet.state.oh.us/publications/default.asp); The Supreme Court of Ohio, *Mayor's Courts Summary 2006* (www.sconet.state.oh.us/publications/mayorscourt/mayorscourtsummary06.pdf) (pg. 34, 40); *2005* (www.sconet.state.oh.us/publications/mayorscourt/mayorscourtsummary05.pdf) (pg. 38, 45); *2004* (www.sconet.state.oh.us/publications/mayorscourt/mayorscourtsummary04.pdf).

{¶ 24} In 2006, 15 mayor's courts reduced 50 percent or more of the OVI charges terminated in the mayor's court. (See Chart 2.)

*Chart 2: 50% + Mayor's Court Reductions*

**Mayor's Courts**

| Mayor's Court | County | Total OVI Cases Terminated less Transfers to other Courts | Plea to a Reduced Charge | Percent Reduced |
|---|---|---|---|---|
| Bridgeport | Belmont | 44 | 44 | 100.0% |
| St. Clairsville | Belmont | 1 | 1 | 100.0% |
| Kelleys Island | Erie | 12 | 8 | 83.3% |
| Williamsburg | Clermont | 12 | 9 | 75.0% |
| N. Ridgeville | Lorain | 104 | 77 | 74.0% |
| Avon | Lorain | 17 | 12 | 70.6% |
| Arlington Hts. | Hamilton | 13 | 9 | 69.2% |
| Lynchburg | Highland | 9 | 6 | 66.7% |
| Morrow | Warren | 15 | 10 | 66.7% |
| N. Hampton | Clark | 12 | 8 | 66.7% |
| Sardinia | Brown | 6 | 4 | 66.7% |
| Pomeroy | Meigs | 46 | 28 | 60.9% |
| Parma Hts. | Cuyahoga | 96 | 54 | 56.3% |
| Nelsonville | Athens | 23 | 12 | 52.2% |
| Sheffield Vlg. | Lorain | 70 | 35 | 50.0% |

The Supreme Court of Ohio, *Mayors Courts Summary 2006,* supra.

{¶ 25} The public has a legitimate right to access such court proceedings and trial records, and sealing cases in which the charges were dismissed or the defendant was acquitted would prevent public access to them. The public has a legitimate interest in the evaluation of the performance of municipal and county court judges and mayors in the state of Ohio and in making informed decisions with regard to the election of municipal and county court judges and mayors. Decisions by municipal or county court judges or mayors presiding in a mayor's court to dismiss or permit reductions of charges of OVI should be considered by the public in making these evaluations.

{¶ 26} For over 50 years, the law in Ohio has been that reckless operation is *not* a lesser included offense of OVI. *Akron v. Kline* (1956), 165 Ohio St. 322, 59 O.O. 414, 135 N.E.2d 265; *State v. Johnson* (Jun. 21, 1995), 7th Dist. No. 94 CA 58, 1995 WL 382127.

{¶ 27} After a plea of "no contest" to OVI, a sua sponte reduction of the charge to reckless operation "is not justified on the basis of the case being 'a hardship case' " and raises issues involving the judge's compliance with the Code of Judicial Conduct because such an act means "the trial court simply failed to follow the law." *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 383,

8 O.O.3d 393, 377 N.E.2d 494; *State v. Gray* (Mar. 13, 1990), 10th Dist. Nos. 89AP–511, 89AP–512, and 89AP–513, 1990 WL 26130.

{¶ 28} In deciding whether to seal a record, the court is required to consider the public's right of access as part of the legitimate needs of the government in maintaining these records. *State ex rel. Cincinnati Enquirer,* 149 Ohio App.3d 350, 2002-Ohio-4803, 777 N.E.2d 320.

{¶ 29} This court holds that absent a showing of malicious or wrongful prosecution or wrongful identity of the defendant, the legitimate needs of the government in maintaining the records of prosecutions for OVI, including the public's right of access to these records, outweighs *any* interests of an individual in having the records of such a case sealed.

Petition denied.