[Cite as *State v. Anderson*, 2018-Ohio-5228.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2018 CA 00029 |
| MICHAEL A. ANDERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 2017 CR 01922

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 21, 2018

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
KRISTINE W. BEARD
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

EUGENE M. CAZANTZES
PITINII, DAVIES & CAZANTZES, LLC
101 Central Plaza South
Suite 1000
Canton, Ohio 44702

*Wise, P. J.*

**{¶1}** Appellant Michael A. Anderson appeals his conviction on one count of receiving stolen property following a jury trial in the Stark County Court of Common Pleas.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS</u>

**{¶3}** On November 14, 2017, the Stark County Grand Jury indicted Appellant, Michael A. Anderson, on one count of receiving stolen property, a violation of R.C. §2913.51(A), a fourth-degree felony.

**{¶4}** Appellant's charge arose from the following events:

**{¶5}** On August 28, 2017, the victim, Gregory Sinkovich, a road paver, was working at a site near Kmart in Massillon. At around 7:00 A.M. Sinkovich parked his silver Chevy Malibu in the Kmart parking lot. Sinkovich left the car unlocked with the ignition key in a boot on the backseat. At 6:00 P.M., when he returned to the lot, his car was missing. Sinkovich called the Massillon Police Department to report that his vehicle had been stolen. (T. at 93-95).

**{¶6}** Less than 24 hours later, Detective James Slutz, from the Massillon Police Department responded to a report of a stolen vehicle at 7349 Navarre Road in Massillon. The vehicle was parked in the driveway of homeowners, Ken Schrikel and Appellant's mother, Donna Anderson. Detective Slutz dusted the car for fingerprints and collected a Coors Light ball cap from the passenger side floor. Detective Slutz sent the ball cap to the Bureau of Criminal Investigations (BCI) for DNA analysis. (T. at 113-114). No keys were recovered in the vehicle. (T. at 95, 122).

**{¶7}** Officer Joshua Edwards sent the stolen vehicle report to the Emergency Dispatch Center to be put in the LEADS system. (T. at 100). The Carroll County Sheriff's Department received the LEADS information and contacted Detective Slutz regarding a video of the stolen vehicle. The video depicts a person wearing a Coors Light ball cap walking into a store, coming out and getting into the driver's seat of the stolen silver Chevy Malibu. The Carroll County Sheriff's Department identified the person in the video as being Appellant, Michael Anderson.

**{¶8}** Special Investigative Detective Shaun Dadisman from the Massillon Police Department interviewed Anderson and obtained an oral swab for further DNA analysis. The forensic analysis revealed that the DNA on the Coors Light ball cap matched the DNA from Anderson's oral swab. (T. at 108-109). Anderson told the investigator that when he took the vehicle he was high on drugs and believed someone was following him. He saw the car, found the keys, and took the vehicle to get away. Anderson said that later in the day he got drunk and didn't know what to do with the car, so he dropped it off at his mom's house. (T. at 138-140).

**{¶9}** On February 14, 2018, a jury trial commenced in this matter.

**{¶10}** At trial, the jury heard testimony from Greg Sinkovich, Officer Joshua Edwards, Det. James Slutz, Det. Shaun Dadisman, and DNA analyst Shaun Troyer, as set forth above.

**{¶11}** The jury also heard testimony from Appellant, who testified on his own behalf. At trial, Appellant admitted that he had previously been convicted of theft or theft-related offenses approximately twenty-six (26) times. He admitted on direct and cross-examination that he took the vehicle without the owner's permission and drove it around

all night (approximately 9 hours), stopping to buy beer. He stated he was aware that the car had been stolen, by him, when he drove it in both Stark and Carroll Counties. (T. at 150). When he was confronted about the vehicle by his mom and her boyfriend, he denied knowing anything about the vehicle. Appellant claimed that he left the vehicle at his mother's house because he figured it would eventually be returned to the owner. He argued that he had no intent to permanently keep the vehicle and that for this reason he was only guilty of unauthorized use of a motor vehicle. (T. at 147-148).

{¶12} At the conclusion of the trial, counsel for Appellant requested a jury instruction on unauthorized use of a motor vehicle, arguing that it was a lesser included offense of receiving stolen property. The trial court denied the requested instruction.

{¶13} Following deliberations, the jury found Appellant guilty as charged.

{¶14} The trial court sentenced Appellant to eighteen months in prison.

{¶15} Appellant now appeals, raising the following error for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶16} "I. THE TRIAL COURT ABUSED IT DISCRETION IN REFUSING TO INSTRUCT THE JURY ON A LESSER INCLUDED OFFENSE OF UNAUTHORIZED USE OF A MOTOR VEHICLE.

{¶17} "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**I.**

{¶18} In his first assignment of error, Appellant argues the trial court erred in denying his request for an instruction on unauthorized use of a motor vehicle. We disagree.

**{¶19}** We review a trial court's refusal to provide a requested jury instruction for an abuse of discretion. *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989). Generally, "a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

**{¶20}** In *State v. Deanda*, the Ohio Supreme Court observed,

The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13. The first tier, also called the "statutory-elements step," is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense. *State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). The second tier looks to the evidence in a particular case and determines whether " 'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.' " *Evans* at ¶ 13, *quoting Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11. Only in the second tier of the analysis do the facts of a particular case become relevant.

**{¶21}** 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6.

**{¶22}** Appellant argues he was entitled to an instruction of unauthorized use of a motor vehicle as a lesser-included offense of receiving stolen property.

**{¶23}** To determine whether one offense is a lesser included offense of another, a court must consider whether (1) "one offense carries a greater penalty than the other," (2) "some element of the greater offense is not required to prove commission of the lesser offense," and (3) "the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *State v. Evans,* 122 Ohio St.3d 381, 2009–Ohio–2974, 911 N.E.2d 889, paragraph two of the syllabus, clarifying *State v. Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294 (1988).

**{¶24}** R.C. §2913.51(A) sets forth the elements of the offense of Receiving Stolen Property and states:

> No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

**{¶25}** R.C. §2913.03(A) sets forth the elements of the offense of Unauthorized Use of a Motor Vehicle and states:

> No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent.

**{¶26}** Further, "[e]ven though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. In making this determination, the court must view the evidence in a light most favorable to defendant.

*State v. Smith*, 89 Ohio St.3d 323, 331, 731 N.E.2d 645 (2000); *State v. Wilkins*, 64 Ohio St.2d 382, 388, 415 N.E.2d 303 (1980).

**{¶27}** However, an instruction is not warranted every time *some* evidence is presented on a lesser-included offense. Rather, there must be "sufficient evidence" to "allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser included (or inferior-degree) offense." *State v. Shane*, 63 Ohio St.3d at 632-633, 590 N.E.2d 272; *State v. Conway*, 108 Ohio St.3d at 240, 842 N.E.2d at 1027, 2006-Ohio-791, ¶ 134.

**{¶28}** Our review of the two statutes in this case reveals that they do not share identical elements. Moreover, prior case law establishes that unauthorized use of a motor vehicle is not a lesser included offense of receiving stolen property.

**{¶29}** The case law is clear that unauthorized use of a motor vehicle is not the lesser included offense of receiving stolen property.

**{¶30}** In *State v. Peek*, 110 Ohio App.3d 165, 168, 673 N.E.2d 938, 940 (1996), the First District compared and analyzed the two crimes, finding:

> Unauthorized use does indeed carry a lesser penalty than receiving a stolen motor vehicle. It is not, however, true that the greater offense, as statutorily defined, cannot ever be committed without perforce committing an act of unauthorized use. For example, where a thief, without the owner's consent, stores the stolen vehicle at the premises of another who has cause to believe the motor vehicle is stolen, the person storing it does "retain" the motor vehicle for purposes of receiving in violation of R.C. 2913.51, but does not also commit unauthorized use because he does not "use" or

"operate" it in violation of R.C. 2913.03(A). Therefore, unauthorized use is not a lesser included offense of receiving stolen property.

**{¶31}** See also, *State v. Thomas*, 8th Dist. Cuyahoga No. 87343, 2006-Ohio-4499, wherein the court found that "unauthorized use of a motor vehicle is not, and cannot be, the lesser included offense of receiving stolen property, R.C. 2913.51."

**{¶32}** Based on the foregoing, we find that unauthorized use of a motor vehicle is not a lesser included offense of receiving stolen property.

**{¶33}** Appellant's first assignment of error is overruled.

**II.**

**{¶34}** In his second assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence. We disagree.

**{¶35}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also*, *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶36}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and

credibility of each witness, something that does not translate well on the written page."

*Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

{¶37} Appellant, in the case *sub judice*, was convicted of receiving stolen property, in violation of R.C. §2913.51(A), which states:

R.C. §2913.51 Receiving Stolen Property

No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

{¶38} R.C. §2913.02(A)(1), sets forth the elements of a offense:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

{¶39} R.C. 2913.01(C) defines "deprive:

(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

(2) Dispose of property so as to make it unlikely that the owner will recover it;

(3) Accept, use, or appropriate money, property, or services with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.

**{¶40}** Appellant argues the State failed to establish that he took the vehicle with the intent to deprive the owner of his vehicle, or that he intended to keep the vehicle. Appellant argues that his own testimony established that he never intended to keep the vehicle.

**{¶41}** Upon review, we find that the evidence established that Appellant took the victim's vehicle, without permission, while under the influence of drugs, drove the vehicle for approximately nine (9) hours in both Stark and Carroll Counties, purchased and consumed beer while driving the vehicle, and ultimately abandoned the vehicle, without the keys, in his mother's driveway.

**{¶42}** We further find whether or not Appellant intended to permanently deprive the owner of his vehicle is of no consequence. *See State v. Breaston,* 8 Ohio App.3d 144, 145 (10th Dist.1982) ("It is no longer necessary that defendant have an intent to permanently deprive the owner of the property to be guilty of theft or of receiving stolen property."); *State v. Bilick,* 8th Dist. Cuyahoga No. 71238, 1997 WL 358282, (June 26, 1997) (Dyke, J., concurring), citing *Breaston* and Committee Comment to House Bill 511, effective January 1, 1974 ("The definition of 'deprive' in this section is also broadened to include a temporary deprivation of property resulting in some substantial loss to the

owner."). *See also State v. Jordan,* 9th Dist. Summit No. 26598, 2013–Ohio–4172, ¶ 28 ("Pursuant to R.C. 2913.02(A)(1), a defendant need only have 'purpose' to deprive the owner of property; he need not actually permanently withhold or dispose of the property.").

**{¶43}** We further find that by leaving the vehicle in his mother's driveway, Appellant disposed of the vehicle in a place where it was unlikely that the owner would find it and recover it.

**{¶44}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, 2003 WL 723225, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, 2003 WL 21291042, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).

**{¶45}** The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

**{¶46}** Upon review, we find Appellant's conviction was not against the manifest weight of the evidence. Any rational trier of fact could have found the essential elements of receiving stolen property proven beyond a reasonable doubt. Nor is this the exceptional case in which the evidence weighs heavily against a conviction.

**{¶47}** Appellant's second assignment of error is overruled.

**{¶48}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, P. J.

Hoffman, J., and

Delaney, J., concur.

JWW/d 1127