THE STATE OF OHIO, APPELLEE, *v.* BREASTON, APPELLANT.

(No. 82AP-487—Decided November 18, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. James Kura,* county public defender, and *Ms. Barbara J. Slutsky,* for appellant.

McCORMAC, J. Defendant-appellant, Junior D. Breaston, was indicted for receiving stolen property in violation of R.C. 2913.51. Trial by jury was waived and the court found defendant guilty and sentenced him accordingly.

Defendant has appealed, alleging that his conviction was not supported by sufficient credible evidence and was against the manifest weight of the evidence.

Defendant's assignment of error is overruled and the judgment of the trial court is affirmed.

The evidence was unequivocal that defendant was seen operating a stolen car in the vicinity of the theft shortly thereafter. Defendant contends, however, that the only evidence as to his intent was his statement related by the arresting officer that he took the car because he had argued with one of his parents (although at the scene he initially said that he had gotten the car from his brother). Defendant did not testify, but he argues that the evidence was clear that he had merely driven the stolen automobile around the neighborhood with no intent to conceal the identity of the automobile indicating that he was just "joy riding" in the automobile, and that he had no intent to permanently deprive the owner of the use thereof. Defendant contends that the evidence supports only a conviction for violation of R.C. 2913.03 pertaining to the unauthorized use of a vehicle, a first degree misdemeanor, unless the offender had previously been convicted of a theft offense.

Defendant's argument is not well-taken. R.C. 2913.51, pertaining to receiving stolen property for which defendant was convicted, provides, in part, as follows:

"(A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

"Theft" is defined by R.C. 2913.02, in pertinent part, as follows:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without the consent of the owner or person authorized to give consent."

"Deprive" is defined by R.C. 2913.01(C) as follows:

" 'Deprive' means to:

"(1) Withhold property of another permanently, or for such period as to appropriate a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

"(2) Dispose of property so as to make it unlikely that the owner will recover it;

"(3) Accept, *use,* or appropriate money, *property,* or services, *with purpose not to give proper consideration in return therefor,* and without reasonable justification or excuse for not giving proper consideration." (Emphasis added.)

There is no doubt that defendant had received or retained property (the car) which was obtained by theft, either by defendant or another person. R.C. 2913.01(C)(3) has broadened the common-law definition of "deprive" to include the use of property with the purpose not to give proper consideration in return therefor. It is no longer necessary that defendant have an intent to permanently deprive the owner of the property to be guilty of theft or of receiving stolen property.

There was sufficient evidence presented to justify a finding of guilty of receiving stolen property. The judgment of the trial court was not against the manifest weight of the evidence.

Defendant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.