DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Marcus Davis, appeals from his convictions in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On January 25, 2006, Appellant was involved in an altercation with an ex-girlfriend, Carla Ogletree ("Ogletree"). After a physical fight, Appellant took Ogletree's library card and Ohio I.D. card. Ogletree reported the incident to the Akron Police Department. When the police responded to the call, Officer Vaughn ("Vaughn") observed that Ogletree's face was swollen and that she had several bruises. Ogletree informed Vaughn that Appellant had hit her and taken *Page 2 
her library card, bus pass and Ohio I.D. card. Ogletree then informed Vaughn that Appellant had gone to a nearby residence. Vaughn went to this location in an attempt to talk with Appellant. Eventually, the police officers were admitted to the home, and Appellant was found hiding underneath a bed. Police found Ogletree's possessions on Appellant. Appellant informed police that he had taken the items but that he intended to return them to Ogletree. He further admitted to hitting Ogletree. Appellant was arrested and on February 23, 2006, he was brought before the Summit County Juvenile Court on one count of domestic violence, in violation of R.C. 2919.25, and one count of robbery, in violation of R.C. 2911.02. The matter was scheduled for an amenability hearing. The State filed a motion to relinquish jurisdiction and to prosecute Appellant as an adult. On March 23, 2006, Appellant waived the amenability hearing and agreed to the jurisdiction of the Summit County Court of Common Pleas.
 {¶ 3} On April 14, 2006, Appellant was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), one count of domestic violence, in violation of 2919.25(A), and one count of obstructing official business, in violation of R.C. 2921.31(A). On April 19, 2006, Appellant pled not guilty to these charges. On June 22, 2006, the case proceeded to a jury trial. At the close of the State's case and at the close of all evidence, Appellant unsuccessfully moved for a Crim.R. 29(A) motion for acquittal. He was acquitted on the domestic violence charge and convicted on the robbery and obstructing official business charges. The court *Page 3 
sentenced him to two years in prison on the robbery charge and 90 days on the obstructing official business charge, to be served concurrently. Appellant filed a timely notice of appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE."
 {¶ 4} In his sole assignment of error, Appellant argues that his robbery conviction was against the manifest weight of the evidence and based on insufficient evidence. We do not agree. An evaluation of the weight of the evidence is dispositive of both issues in this case.
 {¶ 5} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *4, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (overruled on other grounds). Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *5. *Page 4 
 {¶ 6} Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 8} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 9} In the present case, Appellant was convicted of robbery, in violation of R.C. 2911.02. This section defines robbery, in relevant part, as follows:
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 "* * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
 {¶ 10} Appellant argues that the evidence suggests that "[i]f a theft offense occurred, it occurred separate from any fighting and infliction of harm." Therefore, according to Appellant, as there is no connection between the theft and *Page 5 
the physical harm, Appellant's conviction of robbery is against the manifest weight of the evidence.
 {¶ 11} "Theft", as it is used in R.C. 2911.02 is defined in R.C.2913.02(A). This section provides that:
 "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 "(1) Without the consent of the owner or person authorized to give consent;
 "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent[.]"
 {¶ 12} Appellant contends that there is insufficient evidence to prove that he intended to permanently deprive Ogletree of her identification card, library card and bus pass. "Deprive" is defined in R.C.2913.01(C). Under this section, "deprive" means to:
 "(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;
 "(2) Dispose of property so as to make it unlikely that the owner will recover it;
 "(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration."
 {¶ 13} In sum, Appellant argues that the robbery conviction was against the manifest weight of the evidence as the alleged theft offense occurred separate from *Page 6 
any physical harm and that there was no theft offense because Appellant did not intend to permanently deprive Ogletree of her possessions. We do not agree.
 {¶ 14} Ogletree testified on behalf of the State that she had gotten into a fight with Appellant outside a friend's home and that he hit her repeatedly. Ogletree stated that while they were fighting, Appellant took her shoes. Appellant then forced Ogletree inside the house where he pushed her to the ground and took her library card and Ohio I.D. card. Ogletree left the home and proceeded to another location. Appellant followed her to the second location and again started arguing with her. "Then he took my bus card and smacked me really hard." Ogletree estimated that Appellant hit her 13 times. After this incident, Ogletree called the police.
 {¶ 15} Vaughn testified that he was employed in the uniformed patrol division of the City of Akron Police Department. He stated that he was dispatched to the domestic dispute involving Ogletree and Appellant. Upon arrival, Vaughn "immediately noticed that the right side of her face near her eye was swollen." Vaughn testified that Ogletree informed him that Appellant had punched her repeatedly in the face and stomach and that he took her bus pass, library card and Ohio I.D. card. Vaughn stated that Ogletree told him where to find Appellant. Eventually officers were able to gain access to the apartment and found Appellant hiding underneath a bed. Vaughn testified that Appellant was not cooperative and attempted to wrestle away from officers as they attempted to restrain him. During *Page 7 
a safety pat down, the officers located Ogletree's I.D., bus pass, and library card. Vaughn testified that Appellant "stated that yes he had punched [Ogletree] in the face and on her body." Vaughn testified that Appellant "stated that he took [the items] from her, but said he had planned to give them back. Said he wasn't going to keep them." Vaughn stated that Appellant had scratches on his face, shoulder and neck and that "through my investigation, his injuries came as a result of her fighting her way off of him."
 {¶ 16} We will not disturb the trial court's determinations regarding the witnesses' credibility as "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses and find that Appellant committed the charged offenses. After a review of the evidence, we cannot say that the trial court lost its way and created a miscarriage of justice when it convicted Appellant of robbery.
 {¶ 17} Appellant argues that there was no intent to permanently deprive Ogletree of her possessions, and therefore, no theft offense. However,
 "the common usage of the term `theft' under R.C. 2913.02 requires an individual to knowingly exert or obtain control over the property of another with the purpose to deprive the owner. Pursuant to R.C. 2913.01(C)(3), `deprive' means to `accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.' As the definition indicates, intent to permanently *Page 8 
deprive the owner of the property is no longer a necessary element of a theft offense." Columbiana Cty. Bd. of Commrs. v. Nationwide Ins. Co. (1998), 130 Ohio App.3d 8, 17, citing State v. Breaston (1982), 8 Ohio App.3d 144, 145.
 {¶ 18} The jury heard testimony from Vaughn that Appellant admitted to taking Ogletree's property. They were free to disbelieve Appellant's statements that he intended to return theses items. However, Appellant's intent to return the items, even if believed, is not a determinative factor. It is clear from the testimony that Appellant appropriated Ogletree's property with purpose not to give proper consideration in return, without any justification for not giving such consideration. R.C. 2913.01(C)(3). Therefore, we find Appellant's argument that the evidence did not show he intended to permanently deprive Ogletree of her belongings to be without merit.
 {¶ 19} Appellant next argues that there was no connection between the theft and the assault. Again, we find this argument unpersuasive. The jury heard testimony from Ogletree that Appellant pushed her to the ground and took her library card and I.D. card. Further, she testified that he smacked her and took her bus pass. Vaughn testified to Ogletree's injuries and to the fact that Appellant admitted to hitting Ogletree and to taking her property. Therefore, the jury did not create a manifest miscarriage of justice when it determined that Appellant inflicted physical harm against Ogletree while committing a theft offense. As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency on these claims. Roberts, supra, at *5. *Page 9 
 III. {¶ 20} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 10 
 WHITMORE, P. J., DICKINSON, J., CONCUR. *Page 1