[Cite as *State v. Bowers*, 2021-Ohio-179.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-759 |
| v. | : | (C.P.C. No. 18CR-1026) |
| Brandon M. Bowers, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 26, 2021

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Sarah V. Edwards*, for appellee.

**On brief:** *Brandon M. Bowers*, pro se.

APPEAL from the Franklin County Court of Common Pleas

**BEATTY BLUNT, J.**

{¶ 1} Defendant-appellant, Brandon M. Bowers, appeals the decision of the Franklin County Court of Common Pleas denying his petition for postconviction relief. We affirm the trial court's judgment.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Bowers was indicted on March 2, 2018, for first-degree felony Possession of Cocaine, second-degree felony Possession of Heroin, and two counts of third-degree felony Having Weapon Under Disability. Each of the possession charges had a one-year firearm specification attached to them, and as a result he faced 31 years of incarceration, 21 years of which would be mandatory. In plea negotiations, the state agreed to drop both gun

No. 19AP-759

specifications, to amend the heroin possession from a second-degree felony to a fifth-degree felony, and to amend one of the weapon under disability charges to an attempt. The plea agreement reduced Bowers' potential sentence to 16 and one half years incarceration, only 6 of which were mandatory. And the parties agreed to jointly recommended to the court that Bowers serve 10 years and 11 months. On May 20, 2019, Bowers entered a plea of guilty to the amended charges. The trial court accepted the plea, and its judgment entry states as follows:

> On May 20, 2019, the State of Ohio was represented by Assistant Prosecuting Attorneys, Maria Martinez-Beshears and Dan Stanley, and Defendant was represented by Attorney, Jennifer Baughman. Defendant, after being advised of all Crim. R. 11 rights, entered a plea of guilty to the stipulated lesser included offense of Count One of the Indictment, to wit: Possession of Cocaine without Specification, in violation of Section 2925.11 of the Revised Code, a Felony of the First Degree; guilty to the stipulated lesser included offense of Count Two of the Indictment, to wit: Possession of Heroin without Specification, in violation of Section 2925.11 of the Revised Code, a Felony of the Fifth Degree; guilty to Count Three of the Indictment, to wit: Having a Weapon While Under Disability, in violation of Section 2923.13 of the Revised Code, a Felony of the Third Degree; and guilty to the stipulated lesser included offense of Count Four of the Indictment, to wit: Attempted Having a Weapon While Under Disability, in violation of Section 2923.02 as it relates to Section 2923.13 of the Revised Code, a Felony of the Fourth Degree. Upon application of the Prosecuting Attorney and for good cause shown, it is ORDERED that a Nolle Prosequi be entered for the Specifications as to Counts One and Two of the Indictment.

> The Court found Defendant guilty of the charges to which the plea was entered.

The court proceeded to sentence Bowers to the agreed term of 10 years, 11 months incarceration, 6 years of that sentence were mandatory, and Bowers was ordered to serve 5 years of post-release control. The trial court ordered the sentence to be served concurrently

No. 19AP-759

with the sentence imposed in Bowers' two other pending felony cases, and Bowers did not file a direct appeal.

{¶ 3} Instead, on July 23, 2019, Bowers filed a petition for postconviction relief, asserting that the trial court's judgment convicting him of first-degree felony cocaine possession and fifth-degree felony heroin possession was void. Bowers essentially argued that the court's action in dismissing the firearm specifications made the conviction a nullity, because neither of the two possession charges were lesser-included offenses of the possession charges for which he had been indicted. On September 19, 2019, the trial denied the petition. The trial court found that Bowers' constitutional rights had not been violated and therefore there was no basis to overturn the conviction, and that res judicata barred his claims. This timely appeal followed, and Bowers asserts a single assignment of error: "The trial court abused its discretion in denying postconviction relief."

## II. STANDARD OF REVIEW

{¶ 4} R.C. 2953.21(A)(1)(a) permits "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." If no direct appeal is taken, the petition shall be filed no later than 365 days after the expiration of the time for filing the appeal. R.C. 2953.21 (A)(2). The postconviction relief process is not an appeal of the judgment, instead it is a "collateral civil attack on a criminal judgment." *State v. Sidibeh*, 10th Dist. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). The purpose of the postconviction relief process is to permit a defendant to reach

No. 19AP-759

constitutional issues that are impossible to reach otherwise because the evidence supporting those issues is not contained in the trial court record. *Id.*, quoting *State v. Murphy*, 10th Dist. 00AP-233 (Dec. 26, 2000). A trial court is not necessarily required to hold an evidentiary hearing to determine whether a defendant's constitutional rights have been violated. *See State v. Jackson*, 64 Ohio St.2d 107, 110 (1980). Prior to granting a hearing on a petition for postconviction relief, the trial court must determine if substantive grounds for relief exist—specifically, whether the petition sets forth enough facts to support a claim of a constitutional issue. *State v. Kapper*, 5 Ohio St.3d 36 (1983). A trial court properly denies a postconviction relief without an evidentiary hearing, if a determination can be made from the "supporting affidavits, the documentary evidence, the files, and the records" that the petitioner failed to set forth "sufficient operative facts" to establish grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999).

{¶ 5} Appellate courts are deferential to trial court decisions regarding postconviction relief. A reviewing court will not overrule the trial court's finding on a petition for postconviction relief if the decision is supported by " 'competent and credible evidence.' " *Sidibeh* at ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. And appellate courts should not overturn a trial court's denial of postconviction relief unless an abuse of discretion has occurred. *Gondor* at ¶ 60. An abuse of discretion occurs when a trial court's determination is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## III. LAW AND ANALYSIS

{¶ 6} Bowers' petition argues the trial court abused its discretion when denying his postconviction relief motion for two reasons. First, he contends that the dismissal of the one-year gun specifications attached to counts one and two of the indictment rendered his

conviction of those charges "void ab initio" because it created new offenses that he had not been indicted for by a Grand Jury. Second, he argues that the trial court's entry finding him guilty of the "stipulated lesser-included offense" of first-degree cocaine possession renders its judgment void, as no such stipulation had been agreed to. Neither argument has merit.

{¶ 7} Under the three-part test enunciated in *State v. Deem*, 40 Ohio St.3d 205, 533 (1988) and *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 26 "in determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *Id.*

{¶ 8} Count one, both as it was indicted by the Grand Jury and as Bowers was adjudged guilty by the trial court, alleged that Bowers committed the first-degree felony possession of cocaine. And in count two, Bowers was indicted for a second-degree felony heroin possession but pleaded to fifth-degree felony heroin possession. A defendant may be convicted of the originally-indicted offense or of a lesser-included offense, but the importance of the test to Bowers is that "the finding of guilty of a lesser included offense constitutes a finding of not guilty of the greater offense, even though the trial court does not so state * * *." *State v. Rader*, 55 Ohio App.3d 102, 104-05 (1st Dist.1988), citing *State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60 (1981), and *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380 (1978). Bowers concedes fifth-degree heroin possession is a lesser-included offense of the indicted offense under *Deem* and *Evans*, but takes issue with the fact that the indictment contained a one-year gun specification attached to each count that were dismissed by the court.

No. 19AP-759

{¶ 9} Relying on *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 16, Bowers correctly observes that firearm specifications are not "offenses," but are merely "sentence enhancements." Bowers' essentially argues that gun specifications must be treated as additional elements of a new greater crime, and that removing a gun specification from an underlying offense of indictment renders it a "lesser" offense but not a "lesser-included" offense. He argues he was therefore improperly convicted and sentenced for "offenses" that were not lesser-included offenses of the offenses for which he was indicted under *Deem* and *Evans*, and that his convictions of those offenses are void. Moreover, based on *Rader*, Bowers argues that he was impliedly found not guilty of the "greater" offenses for which he had been indicted, and therefore his drug possession offenses must be vacated in their entirety.

{¶ 10} While creative, Bowers' argument must fail, because *Ford* simply does not reach as far as he suggests. *Ford* holds that a firearm specification "is merely a sentencing provision that *requires* an enhanced penalty upon certain findings," (Emphasis added) *Ford* at ¶ 16, and therefore concludes that "the criminal offense of discharging a firearm at or into a habitation under R.C. 2923.161 and a firearm specification as defined in R.C. 2941.145 are not *allied offenses of similar import* as defined in R.C. 2941.25 * * *." (Emphasis added.) *Id* at ¶ 19. *Ford* simply does not speak to the question of lesser-included offenses. Nothing in the case requires firearm specifications to be considered as additional elements of a new and different offense. In fact, the analysis in *Ford* implicitly rejects his view. *Ford* is premised on the fact that a "firearm specification is contingent upon an underlying felony conviction," not that it is somehow an additional element to a crime:

> R.C. 2941.145 and 2929.14(D) do not contain a positive prohibition of conduct, as required by R.C. 2901.03(B). Instead, these provisions indicate that *if* a defendant is

No. 19AP-759

> convicted of a felony offense and, during the commission of that offense, *if* the defendant displays, indicates possession of, or uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years. In other words, the statutes do not state that a defendant shall not use a firearm during the commission of a crime: they state that when a firearm is used, an additional penalty will be imposed.

*Id.* at ¶ 16. Moreover, even if *Ford* is read to require application of a lesser-included offense analysis to this situation, the *Deem/Evans* test indicates that an offense with a gun specification attached is *always* a "greater" offense of which that offense standing alone is a "lesser-included." The crime of possession of drugs has a lesser penalty, fewer but all included elements, and is always of necessity committed when possession of the same drugs with an attached firearm specification is committed. *Compare Evans* at ¶ 26. Accordingly, insofar as *Ford* even applies to a lesser-included offenses analysis, there is nothing in it that requires treating conviction of an offense without a gun specification as void.

{¶ 11} Bowers' second argument is equally unavailing. Bowers observes that the trial court's judgment entry incorrectly states that he pleaded guilty "to *the stipulated lesser included offense* of Count One of the Indictment, to wit: Possession of Cocaine without Specification, in violation of Section 2925.11 of the Revised Code, a Felony of the First Degree." Bowers' written guilty plea only uses the phrase "the stipulated lesser influenced [sic] offense" in relation to count two of the indictment, the heroin possession charge. But Bowers cannot identify any prejudice he suffered as a result of this surplus language being included in the judgment entry, or in fact any effect at all the surplus language had on his conviction, sentence, or the court's authority to act.

{¶ 12} Accordingly, Bowers' argument that the court's judgment is void based on these arguments is misplaced. The Supreme Court of Ohio has held "[w]ithin the meaning of the [postconviction] statute, a judgment of conviction is void if rendered by a court

No. 19AP-759

having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted." *State v. Perry*, 10 Ohio St.2d 175, 178 (1967). Bowers does not point to any evidence to show that the trial court lacked subject-matter jurisdiction or authority to hear the case in the court for the crime for which he was indicted or convicted, or that his constitutional rights were violated as a result of the trial court's inclusion of "stipulated lesser-included offense," after count one in the judgment entry.

{¶ 13} Insofar as Bowers argues that his conviction was "voidable" because he was improperly found guilty of offenses for which he was not indicted or were not stipulated lesser-included offenses of the underlying offenses in the indictment. Consequently, he argues that the court's exercise of jurisdiction was erroneous, but that challenge must be raised on direct appeal. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28, quoting *State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999) ("in those cases in which a trial court has jurisdiction but erroneous[ly] exercise[s] * * * jurisdiction, * * * the [sentence] * * * is not void," and the sentence can be set aside only if successfully challenged on direct appeal.") (Internal quotations and citations omitted.)

{¶ 14} Bowers knowingly, voluntarily, and intelligently signed a valid plea agreement to the offenses for which he was convicted, and at no point was forced, coerced, or promised any leniency in exchange. The plea agreement correctly states the indicted offenses against Bowers, and the offenses for which he pled guilty. The court had the authority to dismiss the gun specifications and amend count two of the indictment. While the plea agreement for count one does not include any language indicating that Bowers was agreeing to a "stipulated lesser-included offense," that does not render the conviction as a

No. 19AP-759

whole voidable or void. Bowers was given an opportunity with the advice and help of counsel to address the error in the judgment entry. He did not do so.

{¶ 15} For all these reasons, the trial court's decision denying Bowers' petition for postconviction relief without a hearing was not an abuse of discretion. We overrule his assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DORRIAN, P.J., concurs in judgment only.

SADLER, J., concur.

_____