[Cite as *State v. R.L.R.*, 2021-Ohio-2657.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 20AP-457 |
| v. | : | (C.P.C. No. 17CR-5510) |
| [R.L.R.], | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 3, 2021

**On brief:** *Samuel H. Shamansky Co.*, *L.P.A.*, *Samuel H. Shamansky, Donald L. Rengensburger*, and *Ashton C. Gaitanos*, for appellant. **Argued:** *Donald L. Rengensburger.*

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, R.L.R., appeals from a decision and judgment entry of the trial court denying appellant's petition for postconviction relief.

{¶ 2} For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On October 10, 2017, appellant was indicted on six counts of rape, in violation of R.C. 2907.02, felonies of the first degree; two counts of kidnapping in violation of R.C. 2905.01, felonies of the first degree; and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31, a felony of the fourth degree. The kidnapping charges

included sexual-motivation specifications. Appellant pleaded not guilty to all counts. A jury trial was held on October 29, 2018. On November 2, 2018, the jury found appellant guilty on all counts. On November 19, 2018, appellant was sentenced to a total of 31 years and 5 months to life in prison. Appellant filed a timely appeal on December 18, 2018.

{¶ 4} On September 24, 2020, this court affirmed the judgment of the trial court. *State v. R.L.R.*, 10th Dist. No. 17CR-5510, 2020-Ohio-4577. Relevant to the instant appeal, we considered appellant's assignment of error that alleged appellee's question to a witness, C.S., regarding a 2011 drug conviction constituted prosecutorial misconduct and deprived appellant of a fair trial. We concluded:

> [W]hether the prosecutor's question was intentional or misguided, we cannot find appellant was denied a fair trial. This was a single question about drug use in a case that did not involve drug charges or any allegations that drug use contributed to the offenses, thereby rendering the question harmless and of highly dubious prejudicial impact. Also, C.S. never gave an answer, and the trial court sustained defense counsel's objection, so the jury never heard any impermissible evidence. Furthermore, the trial court gave an instruction, telling the jury that it was going to strike the question and they should completely disregard it for any purpose.

*Id.* at ¶ 37.

{¶ 5} On February 21, 2020, appellant filed a petition for postconviction relief requesting an evidentiary hearing. Appellant argued a juror from the trial commented in a Facebook post that appellant was convicted "because of his rap sheet." (Feb. 21, 2020 Petition for Post-Conviction Relief at 3.) Appellant posited this statement indicated the jury was improperly provided information regarding appellant's criminal record during the trial. Appellee filed an answer and motion to dismiss postconviction petition on April 7, 2020. On September 3, 2020, the trial court denied appellant's motion concluding that appellant sought to "introduce evidence about the deliberative process, allegedly from a juror herself, without any foundation of extraneous, independent evidence." (Sept. 4, 2020 Decision & Jgmt. Entry at 4.) The trial court also concluded that the Facebook post appeared to be in reference to appellant's sentence, not the verdict in the case.

{¶ 6} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 7}   Appellant assigns the following as trial court error:

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILNG TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.

## III.  LEGAL ANALYSIS

### A. Appellant's Assignment of Error

{¶ 8}   In his sole assignment of error, appellant argues the trial court abused its discretion in failing to conduct an evidentiary hearing on appellant's petition for postconviction relief.  For the reasons that follow, we disagree.

{¶ 9}   Pursuant to R.C. 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."  A motion for postconviction relief is not an appeal of the judgment but a "collateral civil attack on a criminal judgment."  *State v. Sidibeh*, 10th Dist. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).

{¶ 10}  It is well-settled law that a petitioner seeking postconviction relief under R.C. 2953.21 is not automatically entitled to a hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999).  The petitioner bears the burden to provide evidence that establishes a cognizable claim of constitutional error.  R.C. 2953.21(C); *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 24.  "That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void, or voidable, under the Ohio and/or United States Constitutions."  *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus. The trial court may deny the petition without a hearing if the petitioner does not submit evidentiary material that facially demonstrates constitutional error. *Hessler* at ¶ 24.

{¶ 11} A reviewing court will not overrule the trial court's denial of a petition for postconviction relief absent an abuse of discretion. *State v. Bowers*, 10th Dist. No. 19AP-759, 2021-Ohio-179, ¶ 5, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. The trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} After a careful review of the record, as well as consideration of exhibits provided for in camera review, we find the trial court did not abuse its discretion in denying an evidentiary hearing. As an initial matter, we have little evidence that the individual that posted the message on social media was, in fact, the juror in this case. Appellant concedes this point writing, "[appellant] acknowledges that the limited nature of this Facebook comment makes it impossible to determine the precise identity of the individual." (Feb. 21, 2020 Petition for Post-Conviction Relief at 5.)[1]

{¶ 13} Regardless, we disagree with appellant's interpretation of the alleged juror's statement.[2] The Facebook post originated from a March 28, 2019 WSYX ABC 6 article addressing an unrelated case. In the message thread, the conversation shifted from the arrest in the unrelated matter to the length of appellant's sentence. The purported juror then commented about appellant's "rap sheet." While discussion of the two cases overlap, the most logical reading of the message indicates the juror's comment regarding his "rap sheet" was in the reference to the length of appellant's sentence, not evidence that was used to support appellant's underlying conviction.

{¶ 14} Even if we interpreted the Facebook post was referring to something the juror considered in reaching the verdict, the trial court did not abuse its discretion finding the message inadmissible. Evid.R. 606 concerns the competency of a juror to testify at a

---

[1] During oral arguments, appellant argued that he was completely barred from contacting the jury after the trial concluded. As comment 3 to Prof.Cond.R. 3.5(a)(4) explains, "[a] lawyer may on occasion want to communicate with a juror * * * after the jury has been discharged. The lawyer may do so unless the communication is prohibited by law or a court order but must respect the desire of the juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication." *See also Patrick v. Yellow Cab Co.*, 102 Ohio App. 312, 314 (8th Dist.1953) ("[T]here is no rule or provision of law or public policy which prohibits the informal interrogation of a juror after the return of a verdict. A juror so interviewed may respond or not as he sees fit, but any statement made by the juror as to his or any other juror's conduct in or out of the jury room is inadmissible for the purpose of impeaching the verdict in the absence of evidence aliunde.").

[2] In an effort to protect the identity of the alleged juror, the trial court granted appellant's motion to file the panel random list, Facebook messages, and Facebook profile under seal.

subsequent proceeding regarding the original verdict. As stated by the Supreme Court of Ohio, Evid.R. 606(B) "embodies the common-law tradition of protecting and preserving the integrity of jury deliberations by declaring jurors generally incompetent to testify as to any matter directly pertinent to, and purely internal to, the emotional or mental processes of the jury's deliberations." *State v. Schiebel*, 55 Ohio St.3d 71, 75 (1990). The rule is intended to protect the finality of verdicts and to ensure that jurors are shielded from harassment by beaten parties. *Id.* Evid.R. 606(B) states:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes.

{¶ 15} Jurors are generally precluded from impeaching their own verdicts under Evid.R. 606(B) outside two circumstances. *Jones v. Cleveland Clinic Found.*, 161 Ohio St.3d 337, 2020-Ohio-3780, ¶ 19. Under the first exception, a juror may testify regarding "jury misconduct when evidence of that misconduct arises from a source outside the jury." *Id.*, citing *Schiebel* at 75-76. This is commonly referred to as the "aliunde rule." *Id.* Second, a juror may testify regarding any " 'any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court.' " *Id.*, quoting Evid.R. 606(B).

{¶ 16} Here, even if arguendo the juror's Facebook comment was in reference to reaching the verdict, we are precluded from considering any matter or statement during the deliberations that influenced the juror's decision-making or mental processes. "A juror's own impressions of deliberations are not " 'outside evidence.' " *Jones* at ¶ 20,

quoting *Schiebel* at 75.  We must also ignore any inference as to how other jurors thought when reaching their verdict.  Here, at best, the post constitutes a statement by a juror regarding the deliberative process, which is inadmissible under Evid.R. 606(B).

{¶ 17} Accordingly, the trial court did not abuse its discretion in denying and dismissing appellant's petition for postconviction relief without an evidentiary hearing.

{¶ 18} Appellant's sole assignment of error is overruled.

## IV.  CONCLUSION

{¶ 19} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____